UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
SHAWN YAEGER,                       :
                                    :
        Petitioner,                 :     Civ. No. 21-12804 (NLH)
                                    :
    v.                              :     OPINION
                                    :
DAVID ORTIZ,                        :
                                    :
        Respondent.                 :
_____ :

APPEARANCES:

Shawn Yaeger
23618-112
Fort Dix
Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 2000
Joint Base MDL, NJ 08640

    *Petitioner Pro se*

HILLMAN, District Judge

    Petitioner Shawn Yaeger, a federal prisoner, filed this petition for writ of habeas corpus under 28 U.S.C. § 2241 alleging that the Bureau of Prisons ("BOP") incorrectly calculated his custody classification score. ECF No. 1. For the reasons that follow, the Court will dismiss the petition for lack of jurisdiction.

I.  BACKGROUND

    Petitioner states that the BOP approved a prison transfer from FCI Lompoc, California, to FCI Fort Dix, New Jersey, on

January 22, 2020.  ECF No. 1 at 11.  "Because I was transferring from a low security prison to another low security prison [the Designation and Sentence Computation Center] instructed my previous case manager . . . to lower my security classification points to 12 from 13."  Id.  On February 24, 2020, Petitioner was transferred to FCC Victorville, California pending his ultimate transfer to Fort Dix, but he was "significantly delayed at the Victorville prison because of the coronavirus pandemic."  Id.  Petitioner finally arrived at Fort Dix on March 10, 2021.  Id.

Petitioner met with his new case manager a week later.  Id.  The case manager conducted a new security classification but kept Petitioner's classification score at 12 instead of reducing it as Petitioner expected.  Id.  Petitioner read the report and determined he had been given "average" scoring for program participation and living skills.  Id. at 12.  He objected and asserted he should have been ranked as "good" for both categories.  Id.  The case manager told Petitioner "'I am not sending you to camp'" and to "give him 18 months clear conduct and at that time he would consider sending [Petitioner] to camp."  Id. at 12-13.

Petitioner argues that he has "earned camp status" and requests an order directing the BOP "to correct [his] security classification scoring, specifically correcting both the program

2

participation and living skills to reflect 'good' scoring for each . . . ." Id. at 14-15.  He also requests placement in the minimum-security camp if his score falls below 12 after recalculation.

II.  STANDARD OF REVIEW

Title 28, Section 2243 of the United States Code provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition must be construed liberally.  See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002).  Nevertheless, a federal court must dismiss a habeas corpus petition without the filing of an answer "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  28 U.S.C. § 2254 Rule 4 (made applicable by Rule 1(b)).

III. DISCUSSION

Petitioner alleges that the BOP miscalculated his custody score by classifying his life skills and program participation

as "average" instead of "good."  Petitioner argues those categories should be rescored as part of his custody classification score, and he should be transferred to the camp if his revised score is under 12 points.  ECF No. 1 at 11.[1]

Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence."  Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001); see also Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242 (3d Cir. 2012).  "Admittedly, the precise meaning of execution of the sentence is hazy."  Cardona v. Bledsoe, 681 F.3d 533, 536 (3d Cir. 2010) (internal quotation marks omitted).  The Third Circuit has permitted claims regarding "BOP conduct that conflicted with express statements in the applicable sentencing judgment" to proceed under § 2241 because such allegations assert "that the BOP was not properly put[ting] into effect or carry[ing] out the directives of the sentencing judgment."  Id. (internal quotation marks omitted) (alterations in original).  In Cardona, the Third Circuit held that an inmate's challenge to his placement in the Special Management Unit ("SMU") could not be filed under § 2241 because he did not "allege that BOP's conduct was somehow

---

[1] Petitioner also argues that he should be excused from the exhaustion requirement of § 2241.  The Court does not reach this question as it lacks jurisdiction over the petition regardless of exhaustion status.

4

inconsistent with a command or recommendation in the sentencing judgment." Id. at 537.

Petitioner asserts that BOP incorrectly calculated his custody classification score. Even if the BOP did make an error in calculating Petitioner's score, there is no indication the calculation error impacts the execution of Petitioner's sentence as that phrase has been defined by the Third Circuit. See Mundo-Violante v. Warden Loretto FCI, 654 F. App'x 49, 51 (3d Cir. 2016) (per curiam). This is true even if the security classification prevents Petitioner from being transferred to a minimum-security camp. Andrews v. Ortiz, No. 19-9136, 2019 WL 3022027, at *2 (D.N.J. July 10, 2019) (citing Briley v. Warden Fort Dix FCI, 703 F. App'x 69, 71 (3d Cir. 2017) (per curiam)).

"[P]risoners have no constitutional right to a particular classification." Briley v. Attorney Gen. U.S., 632 F. App'x 84, 85 (3d Cir. 2016) (per curiam). Challenges to program eligibility, security designation, and custody classification "do not challenge the basic fact or duration of [Petitioner's] imprisonment, which is the 'essence of habeas.'" Cohen v. Lappin, 402 F. App'x 674, 676 (3d Cir. 2010) (per curiam) (quoting Preiser v. Rodriguez, 411 U.S. 475, 484 (1973)). "Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional

5

entitlement sufficient to invoke due process." Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). See also Levi v. Ebbert, 353 F. App'x 681, 682 (3d Cir. 2009) (per curiam) ("[P]risoners have no constitutional right to a particular classification."). Therefore, the Court lacks jurisdiction under § 2241.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. "[W]hen the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction," a civil rights action is appropriate. Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). The Court will not convert this action into a civil rights action because there are different filing requirements for habeas actions and civil rights actions, including differences in the exhaustion requirement. See 42 U.S.C. § 1997e(a).

IV. CONCLUSION

For the foregoing reasons, the petition shall be dismissed for lack of jurisdiction.

An appropriate order will be entered.

Dated: July 2, 2021         s/ Noel L. Hillman
At Camden, New Jersey     NOEL L. HILLMAN, U.S.D.J.

6